IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01273-WDM-BNB

PEYMAN BAHADORI,

      Plaintiff,

v.

ANTHONY A. DeCESARO,
DR. ANITA BLOOR, and
KATHRYN RITTENHOUSE,

      Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

      This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued May 26, 2005, that defendants' motions to dismiss or for summary judgment be granted and this case be dismissed.  Plaintiff Peyman Bahadori filed a timely objection to the recommendation.  28 U.S.C. § 636(b).

      I have reviewed *de novo* the pertinent portions of the record in this case, including the complaint, the parties' filings on the two motions to dismiss, the recommendation, and Bahadori's objection.

      In his complaint pursuant to 42 U.S.C. § 1983, Bahadori claims defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, when they failed to provide medication to treat fungal infections on his scalp and groin area. Defendant Kathryn Rittenhouse is the nurse who saw Bahadori when he complained of these conditions; she recommended that he use an anti-fungal cream available in the

prison canteen for his groin area and told him that Selsen Blue shampoo would treat the scalp condition but that the canteen did not carry that item.  Defendants Dr. Anita Bloor and Anthony DeCesaro are, respectively, the officials who denied Bahadori's Step I and Step III grievances.

DeCesaro moved for summary judgment, or to dismiss, alleging that he is entitled to absolute judicial immunity and that he had no obligation or authority to compel medical treatment for Bahadori.  Bloor and Rittenhouse moved jointly to dismiss on the ground that Bahadori had failed to state a claim under the Eight Amendment; Bloor also contends that the complaint fails to allege any participation on her part in the alleged constitutional violation.

To state a claim under the Eighth Amendment, Bahadori must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002).  Deliberate indifference comprises both an objective and a subjective component.  The objective element focuses on the seriousness of the medical need and is satisfied if the medical need "has been diagnosed by a doctor, or if it would be obvious to a layperson that doctor intervention was needed." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).  The subjective element is met if the defendant "knows of and disregards an excessive risk" to an inmate's health or safety.  *Olsen*, 312 F.3d at 1315.

In his recommendation, Magistrate Judge Boland concluded that Bahadori had not stated a claim under the Eighth Amendment because, even assuming his medical needs were serious, he failed to allege the defendants acted with deliberate indifference.  I agree.

2

The conditions of which Bahadori complains are not life-threatening or likely to cause any permanent impairment and thus do not pose an excessive risk to his health. Further, Rittenhouse suggested a shampoo for his scalp and prescribed anti-fungal cream for the groin condition.  Although Bahadori alleges that this cream was not effective in the past, the record reflects that he did not attempt to purchase it from the canteen to see if it could alleviate his complaint.  Rittenhouse's acts, as alleged by Bahadori, were not "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1143 (10th Cir. 2005).

In his recommendation, Magistrate Judge Boland concluded that DeCesaro was not entitled to judicial immunity because the grievance process was not sufficiently adversarial. *See Moore v. Gunnison Valley Hosp.*, 170 F. Supp. 2d 1080, 10 (D. Colo. 2001) (judicial process is characterized by, *inter alia*, adversary nature of process), *aff'd* 310 F.3d 1315 (10th Cir. 2002).  Magistrate Judge Boland determined, however, that DeCesaro and Bloor should be dismissed because Bahadori failed to allege personal participation on their part in the alleged constitutional violation.  I agree with this recommendation.  *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (a § 1983 plaintiff "must show that a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional violation").

Bahadori's objections to the recommendation are unavailing.  He confuses the doctrine of qualified immunity, which is not discussed in the recommendation, with the judicial immunity rejected by Magistrate Judge Boland.  He also argues that Magistrate Judge Boland erroneously determined he had not exhausted his administrative remedies;

3

this issue also was not a ground for the recommended dismissal.

Accordingly, it is ordered:

1.      The recommendation of Magistrate Judge Boland, issued May 26, 2005, is accepted.

2.      Defendants Bloor and Rittenhouse's motion to dismiss, filed November 19, 2004, is granted.

3.      Defendant DeCesaro's motion for summary judgment or to dismiss, filed October 26, 2004, is denied as moot.

4.      The complaint is dismissed for failure to state a claim upon which relief may be granted.

DATED at Denver, Colorado, on August 4, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge